UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 18-20393-MGC(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SANDRA RUBALLO

  and

CARLOS MONTOYA,

    Defendants.
_____/

## DEFENDANT RUBALLO'S MOTION TO SUPPRESS EVIDENCE AND FOR RETURN OF PROPERTY AND INCORPORATED MEMORANDUM OF LAW

The Defendant, **SANDRA RUBALLO** ("Ruballo"), through undersigned counsel, respectfully moves this Court, pursuant to Rules 12(b)(3)(C) and 41(h), of the Federal Rules of Criminal Procedure, to suppress all text messages between her and the civil corporate attorney for Highland Food Resources ("HFR"), and any other information, seized by law enforcement from her cellphone which exceeded the scope of the search warrant. Ruballo submits that the aforementioned evidence was illegally seized and thus, should be suppressed, and any reference made thereto deemed inadmissible at the trial herein and any other proceedings. Since Ruballo was aggrieved by an unlawful seizure, this Court should also order the Government, pursuant to Fed.R.Crim.P. 41(g), to return that property to her, and not retain or disseminate any copies of the illegally-seized items to any other Government entity or third parties and prohibit using those materials for any reason.

### I. Background concerning the issuance and execution of the search warrant for Ruballo's cellphone

On April 25, 2018, Special Agent Robert Norman ("Norman") of the United States Secret Service applied for the issuance of a search warrant for Ruballo's cellphone by executing an affidavit and submitting it for review by United States Magistrate Judge Edwin Torres. In relevant part, Norman stated the following in his application for a search warrant:

> 3. This Affidavit is submitted for the purpose of demonstrating probable cause to obtain a search warrant to search and conduct a forensic examination of one (1) device, that is, one (1) rose gold and white Apple iPhone 7-plus model A1784 cellular telephone, bearing Subscriber Identity Module (SIM) card number 8901410427 9030185680, serial number C38SCRJVHFYC, and International Mobile Equipment Identity (IMEI) number 35 915307 396690 9 (hereinafter the "TARGET DEVICE"), as further described in Attachment A, for the seizure of items constituting evidence of the commission of a criminal offense, the fruits of crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely, conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349. as more fully described in Attachment B. The TARGET DEVICE was in the possession of Defendant Sandra Ruballo ("RUBALLO") on or about April 24, 2018, when RUBALLO was arrested for violations of Title 18, United States Code, Section 1349, that is, conspiracy to commit wire fraud. The TARGET DEVICE is currently in USSS custody at a secure facility in Miami, Florida.
>
> \*\*\*\*
>
> 5. Based on the facts set forth in the Affidavit, I respectfully submit that there
> is probable cause to believe that within the TARGET DEVICE, there is evidence of the commission of a criminal offense, the fruits of crime, or property designed or intended for use or which is being used or has been used as the means of committing a federal criminal offense, in particular; violation of Title 18, United States Code, Section 1349, that is, conspiracy to commit
> wire fraud.
>
> \*\*\*\*
>
> 24. Additionally, in December 2017, law enforcement arrested "Y.M.," a co-conspirator in connection with the investigation. Phone records obtained by law enforcement reveal that after the arrest, there were repeated and frequent communications via calls, text messages, and other means, between phone

2

numbers registered to RUBALLO and phone numbers belonging to co-conspirators at HFR and Montoya Holdings. Further, a review of electronic communications received by law enforcement during the investigation revealed that the conspirators communicated in furtherance of the scheme using cellular phones and messaging applications such as WhatsApp.

\*\*\*\*

25. Based on my training and experience, I have learned that persons who is involved in a scheme to defraud often use their cellular telephone as a means to further the fraud. Such information includes conversing with co-conspirators, using the phone's internet to search for fraud related activity, victim information, and photographs or video that illustrate or are otherwise indicative of fraud. Accordingly, there is probable cause to believe that within the TARGET DEVICE there exists evidence, fruits, and instrumentalities of violations of Title 18, United States Code, Section 1349, that is, conspiracy to commit wire fraud.

Based on that affidavit, Magistrate Judge Torres that same day signed a search warrant for Ruballo's cellphone. Set forth below is Attachment B to that search warrant which listed the particulars of the items that law enforcement was authorized to seize.

ATTACHMENT B

ITEMS TO BE SEIZED

1. Any and all information pertaining to Highland Food Resources, Inc. ("HFR") Montoya Holdings, Inc., and related entities, including employees, independent contractors, contracts, bids, payments, purchase and sale of businesses and goods, credit card and merchant account numbers, and communications relating to same.

2. Any and all communications, call logs, contact lists, text messages, MMS messages, applications, programs, emails, pictures, videos, or other stored information pertaining to wire fraud, as defined in Title 18, United States Code, Section 1349.

3. Any and all documents, notes, records, logs, correspondence, messages, lists, address books, and names and addresses of individuals who may have been contacted for the purpose of conducting a scheme to defraud.

4. Any and all stored documents, notes, records, logs, correspondence, messages, or ledgers pertaining in any way to catering provided to daycare centers, HFR, the Florida Department of Health ("DOH"), the Child Care Food Program ("CCFP"), or meals provided in connection with same.

5. Evidence of user attribution showing who used or owned the TARGET DEVICE, and who created, edited, or deleted items in the TARGET DEVICE, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.

6. Records of communications, in any format or medium, including Internet activity, related to violations of 18 U.S.C. §1349 and related violations, including firewall logs, caches, browser history, cookies, "bookmarked" web pages, and search terms that the user entered into any Internet search engine.

7. As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

8. Any and all notes, documents, records, or correspondence, in any format and medium (including, but not limited to, envelopes, letters, papers, e-mail messages, text, SMS, and MMS messages, chat logs and electronic messages, computer files and software, and digital data files):

   a. Pertaining to any bank, credit card or other financial account;
   b. Pertaining to any money or wire transfers;
   c. Pertaining to the ownership or use of the property described in Attachment A.

Subsequent to that search, Assistant United States Attorney Karen Gilbert ("Gilbert") advised undersigned counsel that law enforcement had discovered that Ruballo's cellphone contained "sexting"[1] messages between Ruballo and Highland Food Resource's corporate civil attorney and that a "non-prosecutorial team" would review all contacts between them to assure that no privileged communications would be viewed and utilized by the prosecutors in the prosecution of the case. Undersigned counsel expressed her belief to Gilbert that none of those text messages were admissible or relevant and should not be forwarded to Government trial counsel. However, the

---

[1] "Sexting" is a form of virtual sexual behavior, generally meaning "the sending of sexually explicit messages or images by cell phone." https://www.merriam-webster.com/dictionary/sexting.

Government has apparently decided that the text messages evidence (which they mischaracterize as an "extramarital affair") would be admissible to show civil counsel's bias and motive to provide favorable testimony for Ruballo if he testified at her trial.[2]

## II. Since the scope of the search for Ruballo's cellphone exceeded the terms of the search warrant, the seizure of the text messages between Ruballo and HFR's corporate civil counsel was unconstitutional[3]

"When an official search is properly authorized [pursuant to] the issuance of a valid warrant[,] the scope of the search is limited by the terms of its authorization" ***Walter v. United States***, 447 U.S. 649, 656 (1980). When a search requires review of a large collection of items, "it is certain that some innocuous documents will be examined, at least cursorily, in order to determine whether they are, in fact, among those … authorized to be seized." ***Andresen v. Maryland***, 427 U.S. 463, 482 n. 11 (1976). "If the scope of [a] search exceeds that permitted by the terms of a validly issued warrant ..., the subsequent seizure is unconstitutional without more." ***Horton v. California***, 496 U.S. 128, 140 (1990). However, the "seizure of items beyond the scope of a search warrant generally does not result in the suppression of evidence that is within the warrant's terms;

---

[2] In the Government's Omnibus Motions *in Limine*, the trial prosecutor disclosed that

> [r]eview of Defendant Ruballo's phone revealed she was having an affair with the civil corporate counsel that she hired to represent Highland in connection with the June 2016 serious deficiency. This attorney – a man – was saved under the female alias "Teresa M." in Defendant Ruballo's phone. Voluminous correspondence between Defendant Ruballo and this contact includes non-privileged discussions and many sexual discussions. Legal fees were paid to this attorney using CCFP funds as well as using funds from a "donation" to Highland from Defendant Montoya, which was funded by CCFP payments from Highland to Montoya. The affair started before the attorney's representation of Defendant Ruballo ended, as communications show that the attorney represented – or claimed to represent – Highland into 2018.

[DE81:20]

[3] Ruballo does not contest the validity of the search warrant issued for her cellphone.

instead, in most cases only seized items that are outside the warrant's terms will be suppressed." *United States v. Maali*, 346 F.Supp.2d 1226, 1250 (M.D.Fla.2004). *Cf. United States v. Garcia*, 496 F.3d 495, 507 (6th Cir. 2007) ("where … officers unlawfully seize certain items but do not flagrantly disregard the limits of the warrant by unreasonably searching places not authorized in the warrant, the court must suppress the unlawfully seized items, but 'there is certainly no requirement that lawfully seized evidence be suppressed as well.'") (citation omitted); *United States v. Schandl*, 947 F.2d 462, 465 (11th Cir. 1991) ("The seizure of items not covered by a warrant does not automatically invalidate an otherwise valid search. 'This is especially true where the extra-warrant items were not received into evidence against the defendant.'") (citations omitted).[4] Consequently,

> to the extent such [items are] not within the scope of the warrant[] or were otherwise improperly seized, the [Government should] return[] them voluntarily [or ] the trial judge [should] suppress[ them]…[R]esponsible officials, including judicial officials, must take care to assure that [searches pursuant to a search warrant] are conducted in a manner that minimizes unwarranted intrusions upon privacy.

*Andresen v. Maryland*, *supra*.

"Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life,'" such as contacts, diaries, calendars, photographs, correspondence, and other personal records. *Riley v. California*, 134 S. Ct. 2473, 2494-2495 (2014) (citation omitted). The text messages exchanged between

---

[4]
> Total suppression may be appropriate where the executing officer's conduct exceeds any reasonable interpretation of the warrant's provisions. Courts have consistently held, however, that absent a "flagrant disregard" of the terms of the warrant, the seizure of items outside the scope of a warrant will not affect admissibility of items properly seized.

*United States v. Wuagneux,* 683 F.2d 1343, 1354 (11th Cir.1982) (citation omitted).

Ruballo and the corporate civil attorney (and discovered on Ruballo's cellphone) fall into three categories: 1) those communications protected by the attorney-client privilege; 2) conversations not in furtherance of any legal representation but of a personal, non-sexual nature; and 3) messages which are of a sexual nature. While the search warrant allowed law enforcement to inspect the contents of Ruballo's cellphone for evidence linking her to violations of 18 U.S.C. §1349, it would have been immediately apparent to agents and prosecutors when they viewed the text messages between Ruballo and HFR's civil attorney on the former's cellphone that *none* of those messages were within the scope of the search warrant, or contained any incriminating evidence concerning any other crimes. Since the Government has not alleged that its review of any text message (especially those mischaracterized as evidence of an "extramarital affair") between Ruballo and the civil attorney constituted evidence in furtherance of the commission of any crime, the Government's seizure of those text messages outside the scope of the search warrant, as well as their retention and prospective use for any reason, is unconstitutional. Notwithstanding the Government's expressed intent to use the "sexting" messages at trial to attempt to show the bias and motive of the civil attorney if he testifies for Ruballo, it would be inequitable for the Government to receive an unjust windfall from its illegal seizure by allowing them to present such evidence either in its case-in-chief or cross-examining the civil attorney or Ruballo.

   Based on the foregoing facts and argument, Ruballo submits that all the aforementioned text messages between her and the civil attorney (as well as any other items discovered on her cellphone that were seized which are beyond the scope of the search warrant) should be suppressed and returned to her. *See* ***United States v. Maali***, 346 F.Supp.2d 1226, 1266 (M.D.Fla.2004) (Government not entitled to retain items illegally-seized pursuant to a search warrant and must return them to defendant).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon all counsel of record by using the CM-ECF system this 24th day January, 2019.

> Respectfully submitted,
>
> RATZAN & FACCIDOMO, LLC
> 1450 Brickell Avenue, Suite 2600
> Miami, Florida 33131
> (305) 374-5730 tel
> mycki@rflawgroup.com
>
> BY: /s/ Mycki Ratzan, Esq.
>     MYCKI RATZAN, ESQ.
>     (FBN 915238)