UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 18-20393-MGC(s)

UNITED STATES OF AMERICA,

      Plaintiff,

v.

SANDRA RUBALLO,

      Defendant.

_____/

**DEFENDANT RUBALLO'S MOTION TO STRIKE PRESENTENCE
INVESTIGATION REPORT, ORDER UNITED STATES PROBATION OFFICE TO
PREPARE AND FILE REVISED PRESENTENCE INVESTIGATION REPORT, AND
ORDER GOVERNMENT TO DISCLOSE ALL SUBMISSIONS PROVIDED TO
UNITED STATES PROBATION OFFICE
AND INCORPORATED MEMORANDUM OF LAW**

The Defendant, **SANDRA RUBALLO** ("Ruballo"), through undersigned counsel,
respectfully moves this Court to: 1) strike the presentence investigation report ("PSR") filed by the
United States Probation Office ("USPO") on April 3, 2019 [DE172]; 2) order the USPO to prepare
and submit a revised PSR; and 3) order the Government to disclose all information and documents
provided to the USPO, including its recommendations regarding calculation of loss and other
enhancements and adjustments. In support, Ruballo avers:

1.    "The task of conducting presentence investigations is assigned to U.S. probation officers,
an assignment requiring a professional presentence report of the highest quality." *The Presentence
Investigation Report*, Office of Probation and Pretrial Services, Publication 107, at i-1 (Rev.
March 2006). "PSRs are confidential reports created by an arm of the court and designed for use
by a judge in reaching a fair sentence." ***United States v. Pendleton***, 832 F.3d 934, 940 (8th Cir.



RATZAN &
FACCIDOMO LLC

1450 Brickell Avenue, Suite 2600, Miami, FL 33131-2342
**Tel.** 305.374.5730 | **Fax.** 305.374.6755

2016). "The probation officer's duty is to compile information which then takes the form of a *neutral* written recommendation to the judge. His purpose is still to provide the trial judge with as much information as possible in order to enable the judge to make an informed decision." *United States v. Belgard*, 894 F.2d 1092, 1097 (9th Cir. 1990) (emphasis added). However, "probation officers [are] trained to aid offenders, not to prosecute them." *Id.* at 1098. For that reason, "[o]fficers should be open to receiving information from all parties, but should be cautious about adopting any party's interpretation outright." *The Presentence Investigation Report*, Office of Probation and Pretrial Services, Publication 107, at I-1 (Rev. March 2006). Since a "probation officer is expected 'to exercise his independent judgment as to the application of the guidelines', [a] PS[R] report therefore cannot be attributed to the prosecution...." *United States v. Betancourt-Perez*, 833 F.3d 18, 24 (1st Cir. 2016) (citation omitted). While the Government and a defendant may submit their respective versions of the offense and guideline calculations to the USPO, submissions provided by the Government should be clearly marked as such in the PSR so that a defendant and the sentencing court can differentiate between the probation officer's independent findings and guideline calculations and the Government's version of the case. *See United States v. Marino*, 835 F.Supp. 1501, 1535-36 (N.D.Ill.1993).

2.        "Officers should take great care in what they include in the reports, clearly distinguishing among information that is verified, corroborated, or alleged." *The Presentence Investigation Report*, Office of Probation and Pretrial Services, Publication 107, at I-2 (Rev. March 2006). Moreover, "[a] simple recitation of the government's version of events is inconsistent with the independent nature of [the offense] section." *Id.* at III-10. After perusing Ruballo's PSR, undersigned counsel believed that she had previously read many of the same paragraphs verbatim in different documents relating to this case. Incident to a further review of pleadings and discovery,

2



RATZAN &
FACCIDOMO LLC

1450 Brickell Avenue, Suite 2600, Miami, FL 33131-2342
**Tel.** 305.374.5730 | **Fax.** 305.374.6755

undersigned counsel noticed that numerous paragraphs contained in the PSR were copied exactly from the Criminal Complaint (attached as Exhibit A) and a document entitled "Factual Proffer" (attached as Exhibit B) filed in *United States v. Yudy Miranda*, case no. 18-CR-20040-MARTINEZ, as well as from the Criminal Complaints for Ruballo (attached as Exhibit C) and co-defendant Carlos Montoya ("Montoya") (attached as Exhibit D), without attributing the appropriated information to the Government.

3.      Those identical sections from Miranda's Criminal Complaint and Factual Proffer and the Criminal Complaints for Ruballo and Montoya, written by the Government, appear in whole or in part in paragraphs 9, 10, 11, 12, 13, 14, 15, 16, 19, 20, 21, 22, 24, 27, 28, 29, and 30 of Ruballo's PSR. Also included as part of Ruballo's PSR is the following identical chart included in Miranda's Criminal Complaint without acknowledging that it was prepared by the Government:

| Date & Time of | Correspo Claim Month | Meal based on of Inspecti | Average Meals DOH for Claim Relevant Meal | Children during DCFS Inspection | Meals Excess of Present |
|---|---|---|---|---|---|
| 09/22/2014 - 01:22 | September | Afternoon | 251 | 179 | 72 |
| 01/28/2015 - 11:45AM | January | Lunch | 71 | 59 | 12 |
| 05/13/2015 - 11:01AM | May | Lunch | 64 | 61 | 3 |
| 09/30/2015 - 1:06PM | September | Afternoon Snack | 297 | 54 | 243 |
| 06/6/2016 - 10:45AM | June | Lunch | 187 | 77 | 110 |
| 10/13/2016 - 10:10AM | October | Lunch | 69 | 50 | 19 |
| 02/03/2017 - 9:30AM | February | Lunch | 60 | 46 | 14 |
| 06/12/2017 - 9:45AM | June | Lunch | 196 | 56 | 140 |
| 10/12/2017 - 2:00PM | October | Afternoon Snack | 255 | 137 | 118 |

4.      Based upon information provided or authored by the Government but made to appear to be an independent investigation by the USPO, Ruballo's PSR is nothing more than a one-sided advocacy paper for the Government. Instead of independently investigating the underlying circumstances of this case, the PSR has merely copied and pasted the Government's version of the



RATZAN & FACCIDOMO LLC

1450 Brickell Avenue, Suite 2600, Miami, FL 33131-2342
**Tel.** 305.374.5730 | **Fax.** 305.374.6755

case from Government-authored record documents and likely from submissions directly provided to the USPO by the Government for inclusion in the PSR.

5.     It is also likely that the PSR adopted whatever information the Government provided the USPO concerning guideline calculations, including role assessment, calculation of loss, and adjustments for obstruction of justice and acceptance of responsibility, rendering the PSR's recommendations of dubious validity. For example, the PSR fails to explain how it determined the actual or intended loss or restitution, leaving it only to guesswork and the Government's *ipse dixit* calculations. While conceding that the losses suffered by the victim – the Food and Nutrition Service/United States Department of Agriculture – has not yet been ascertained, the PSR nonetheless blindly adopts the Government's proffered $25,000,000 loss attributable to Ruballo's conduct to increase her base offense level of 7 by 22, and ultimately calculates a guideline imprisonment range of 262-327 months. That latter alleged loss calculation greatly exceeds: 1) the 18-level increase for a calculated loss between $3,900,000-$9,500,000 as part of the Government's December 4, 2018 plea offer to conspiracy to commit wire fraud, resulting in an adjusted guideline range of 78-97 months; 2) the 20-level increase for a calculated loss greater than $9,500,000 as part of the Government's February 19, 2019 plea offer to conspiracy to commit wire fraud, resulting in an adjusted guideline range of 135-168 months; and 3) the 18-level increase for a calculated loss between $3,900,000-$9,500,000 attributed to co-conspirator Yudy Miranda who is the person who physically committed the fraud by altering documents submitted for reimbursement. Significantly, the PSR also fails to consider that any losses incurred by the victim can be offset in this case by the value of legitimate services provided. *Cf. United States v. Campbell*, 765 F.3d 1291, 1302 (11th Cir. 2014) ("If the defendant returned any money to the victim or rendered any legitimate services to the victim before the fraud was

4



1450 Brickell Avenue, Suite 2600, Miami, FL 33131-2342
**Tel.** 305.374.5730 | **Fax.** 305.374.6755

detected, the loss amount must be reduced by the fair market value of the returned money or the services rendered.").

6.      Given the Government's punitive escalation of its loss calculation within the four-month period preceding her guilty plea, Ruballo requests this Court to order the Government to provide undersigned counsel and the USPO with a fact-based explanation for its various calculations and the discrepancies between those calculations contained in its previous plea offers to Ruballo and the latest $25,000,000 loss amount.[1] Only then can the Government's submissions on loss be analyzed, allowing Ruballo to file objections thereto and this Court to make specific factual findings upon which to base the loss amounts attributable to Ruballo.

7.      Ruballo submits that her due process rights would be violated if this Court does not assure that the USPO's preparation of the PSR is fair and impartial in the presentation of the offense conduct and intelligently addresses the guideline calculations and the applicability of any adjustments. Accordingly, Ruballo requests the following relief:

      a.  Striking the PSR and ordering the USPO to prepare a revised PSR by conducting an *independent* investigation of the underlying circumstances of this case, calculation of the applicable guidelines range and review of any factors which may warrant an increase or decrease of offense levels;

---

[1] Another example of the USPO's broad-brush analysis in the PSR is its conclusory assessment of a two-level increase under U.S.S.G. §3B1.3 for abuse of trust notwithstanding the fact that Ruballo did not occupy a position of trust *vis-a'-vis* the alleged victim, the Food and Nutrition Service/United States Department of Agriculture, and that the conduct which forms the basis of her conviction to which she pled (fraud) is the same as the enhancement and thus, is already included in the fraud base offense level and the specific offense characteristics thereunder. *Cf. United States v. Garrison*, 133 F.3d 831 (11th Cir. 1998) (Owner and chief executive officer of home healthcare provider did not occupy position of trust with regard to Medicare and could not receive two-level enhancement for abusing a position of trust when sentenced for Medicare fraud where Medicare requests had to be reviewed and approved by third-party Aetna before being submitted to Medicare for reimbursement).

5



1450 Brickell Avenue, Suite 2600, Miami, FL 33131-2342
**Tel.** 305.374.5730 | **Fax.** 305.374.6755

b. Ordering the Government to disclose to Ruballo all the information submitted to the USPO concerning this case, including guideline calculations pertaining to role assessment, calculation of loss, and adjustments for obstruction of justice and acceptance of responsibility, and any other adjustments and enhancements; and

c. Allowing Ruballo an opportunity to file objections and present any other information in response to the revised PSR.

Respectfully submitted,

RATZAN & FACCIDOMO, LLC
1450 Brickell Avenue, Suite 2600
Miami, Florida 33131
(305) 374-5730 tel
mycki@rflawgroup.com

BY: */s/ Mycki Ratzan, Esq.*
Mycki Ratzan, Esq.
FBN 915238

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served upon all counsel of record by using the CM-ECF system this 29th day April 2019.

*/s/ Mycki Ratzan, Esq.*
Mycki Ratzan, Esq.

6



1450 Brickell Avenue, Suite 2600, Miami, FL 33131-2342
**Tel.** 305.374.5730 | **Fax.** 305.374.6755