AWL:awl

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.   18-20393-CR-COOKE(s)

UNITED STATES OF AMERICA,

vs.

SANDRA RUBALLO,

       Defendant.

                                                  /

## UNITED STATES' MOTION FOR DEETERMINATION OF MONEY JUDGMENT AMOUNTS, FOR PRONOUNCEMENT OF FORFEITURE MONEY JUDGMENTS AT SENTENCING, AND FOR INCORPORATION OF FORFEITURE INTO THE JUDGMENT

The United States of America, by and through the undersigned Assistant United States Attorney, moves that this Court determine appropriate money judgment amounts for all counts of conviction, that the Court enter a Judgment of Forfeiture, that the Court pronounce forfeiture at sentencing in accordance with Fed.R.Crim.P. 32.2 and incorporate the forfeiture into the judgment. In support of its motion, the United States submits the following:

### Background

Defendant, Sandra Ruballo ("Ruballo"), was charged with, and convicted of: (1) conspiracy to commit wire fraud in violation of 18 U.S.C. §1349 [Count 1]; (2) three counts of wire fraud in violation of 18 U.S.C. §1343 [Counts 2-4]; (3) conspiracy to commit money laundering in violation of 18 U.S.C. §1956(h) [Count 6]; and (4) four counts of money laundering in violation of 18 U.S.C. §1956(a)(1)(B)(i) [Counts 7-10].

The superseding indictment placed Ruballo on notice that, upon Ruballo's conviction of

the wire fraud offenses, the United States would pursue forfeiture of "any property real or personal, which constitutes or is derived from proceeds traceable to such violation." (D.E. 56, p. 13). Ruballo was also placed on notice that should she be convicted of any of the money laundering offenses, the United States would pursue forfeiture of "any property, real or personal, involved in such offense, or any property traceable to such property." (D.E. 56, pp. 14).

The forfeiture money judgment determinations must be made at the latest, by the conclusion of sentencing, currently scheduled for June 26, 2019. The United States moves that the Court make the appropriate forfeiture determinations, enter the appropriate forfeiture judgments, pronounce forfeiture as part of Ruballo's sentence and incorporate the forfeiture into the judgment entered against Ruballo.

## Argument

Because Ruballo has been convicted of crimes for which forfeiture is mandatory, the Court, in accordance with Federal Rule of Criminal Procedure 32.2, must impose forfeiture and pronounce forfeiture as part of Ruballo's sentence.

**I.     Forfeiture Is Mandatory**

Ruballo, having been convicted of conspiracy to commit wire fraud, wire fraud, conspiracy to commit money laundering and money laundering, faces *mandatory* forfeiture pursuant to the applicable statutes, 18 U.S.C. § 981(a)(1)(C) and 18 U.S.C. § 982(a)(1). Both statutes use the word "shall." As the Supreme Court has noted, when a statute directs that a court "shall order" forfeiture in imposing sentence, "Congress could not have chosen stronger words to express its intent that forfeiture be mandatory in cases where the statute applie[s]." *United States v. Monsanto*, 491 U.S. 600, 607 (1989).

2

Forfeiture for crimes, for which no specific criminal forfeiture exists, such as wire fraud not affecting a financial institution, is mandatory by application of Title 28, United States Code, Section 2461(c) which provides in pertinent part:

> If the defendant is convicted of the offense giving rise to the forfeiture, the court *shall* order the forfeiture of the property as part of the sentence in the criminal case pursuant to the Federal Rules of Criminal Procedure and section 3554 of title 18, United States Code.

(Emphasis supplied); *United States v. Brummer*, 598 F.3d 1248 (11th Cir. 2010)(finding that district court was required to direct forfeiture under 28 U.S.C. § 2461(c)). What is forfeitable when there are wire fraud violations not affecting a financial institution, is defined by Title 18, United States Code, Section 981(a)(1)(C) which provides for forfeiture of "any property, real or personal, which constitutes or is derived from proceeds traceable to...any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense."

Forfeiture is also mandatory for violations of Title 18, United States Code, Section 1956. Pursuant to 18 U.S.C. § 982(a)(1), "The court, in imposing sentence on a person convicted of an offense in violation of section 1956, 1957…of this title, *shall* order that the person forfeit to the United States any property, real or personal, involved in such offense, or any property traceable to such property." (Emphasis supplied).

The Eleventh Circuit has upheld the imposition of forfeiture money judgments in many fraud cases, *see e.g., United States v. Hernandez*, 803 F.3d 1341, 1342-43 (11th Cir. 2015)(district court erred when it failed to impose forfeiture money judgment for theft of government funds in addition to imposing restitution); *United States v. Noorani*, 188 Fed. Appx. 833, 838 (11th Cir. 2006)(rejecting argument that court lacked statutory authority to impose forfeiture money

3

judgment for proceeds of cigarette trafficking offense) and *United States v. Crumpler*, 229 Fed. Appx. 832, 840 (11th Cir. 2007)(defendant must pay money judgment equal to value of stock options obtained in violation of the securities laws), as well as in money laundering, drug and RICO cases, *see e.g., United States v. Puche*, 350 F.3d 1137, 1153-54(11th Cir. 2003)(money judgment equal to combined value of commission paid to launderer and untainted money facilitating the offense, upheld); *United States v. Watkins*, 320 F.3d 1279, 1281 (11th Cir. 2003)($100,000 money judgment imposed for drug crime); *United States v. Browne*, 505 F.3d 1229 (11th Cir. 2007)(entry of forfeiture money judgment against both defendants).

The Court must impose forfeiture, as part of Ruballo's sentence, for conspiracy to commit wire fraud, wire fraud, conspiracy to commit money laundering and money laundering.

## II.     **Forfeiture Money Judgments Are Determined By The Court Pursuant To Statutory Language**

When the government seeks a forfeiture money judgment, "the court must determine the amount of money that the defendant will be ordered to pay." Fed.R.Crim.P. 32.2(b)(1)(A). The amount of the forfeiture money judgment need not be specified in the charging document. Fed.R.Crim.P. 32.2(a).

For purposes of calculating the money judgment for the conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349, as well as the substantive violations pursuant to 18 U.S.C. § 1343, the amount of proceeds must be determined. "[T]he term 'proceeds' is defined as … [i]n cases involving …unlawful activities…means property of any kind obtained directly or indirectly, as the result of the commission of the offense giving rise to forfeiture and any property traceable thereto, and is not limited to the net gain or profit realized from the offense." *United States v. Russo*, 2007 WL 505056 *4 (S.D.Ala. Feb. 14, 2007) citing 18 U.S.C. §981(a)(2)(A). The Eleventh Circuit

4

has utilized the "but for" test in determining whether something constitutes proceeds. *See United States v. Hoffman-Vaile*, 568 F.3d 1335, 1344 (11th Cir. 2009)(applying "but for" test: health care provider convicted of Medicare fraud is liable to forfeit funds received from Medicare and funds she received from private insurers because funds would not have been received "but for" the fraudulent billings); *United States v. Cekosky*, 171 Fed. Appx. 785, 787-88 (11th Cir. 2006)(because defendant would not have been able to open his bank account "but for" having committed an identity theft offense, the interest he earned on the deposits in that bank account represented the proceeds of the offense, even though the deposits themselves were made with legitimate funds). Defendant obtained proceeds from the conspiracy to commit wire fraud as well as the substantive wire fraud.   Those proceeds are therefore, forfeitable.

For purposes of calculating the money judgment for the money laundering conspiracy as well as the substantive money laundering counts in violation of 18 U.S.C. § 1956, the Court must determine the property "involved in" the violations. Courts have broadly interpreted the phrase "involved in" as written in § 982(a)(1) to encompass "the money or other property being laundered (the corpus), any commissions or fees paid to the launderer, and any property used to facilitate the laundering offense."   *United States v. Puche*, 350 F.3d 1137, 1153 (11th Cir. 2003) (quoting *United States v. Bornfield*, 145 F.3d 1123, 1135 (10th Cir. 1998) (internal quotation marks omitted); *United States v. Seher*, 562 F,3d 1344, 1368 (11th Cir, 2009) (quoting *Puche*, 350 F.3d at 1153).

### III.     The Forfeiture Money Judgment Amounts Are Readily Determined

For purposes of calculating the forfeiture money judgments for the wire fraud conspiracy (Count 1), and the wire fraud offenses (Counts 2 through 4), Ruballo's entire scheme must be

5

reviewed.

The Eleventh Circuit condones the imposition of forfeiture for proceeds of an entire scheme, even where only certain substantive counts are proved. *See United States v. Hasson*, 333 F.3d 1264, 1279-1280 (11th Cir. 2003). Hasson was convicted of numerous charges including three substantive wire fraud counts, through which $877,500 in funds were transmitted or received. The court ordered forfeiture of several items, including $20 million from one account. Hasson argued that the forfeiture could not be imposed for any amount beyond the $877,500 from the three specific wire transfers. In upholding the district court's forfeiture order, the Eleventh Circuit correctly noted that "a scheme to defraud is not, by itself, a federal crime…" *id.* at 1272, but must be executed in a way that violates the statute in question. The court found that the jury "could reasonably conclude that [the uncharged] mailings and wirings were proven by a preponderance of the evidence and that they were made or caused for the purpose of executing the scheme to defraud" which scheme to defraud was demonstrated by three substantive acts in furtherance of the scheme. *Id.* at 1279-80.

When a scheme is charged, even though only certain substantive counts are proved, the proceeds of the scheme are forfeitable. *See United States v. Hasson,* 333 F.3d 1264, 1279-1280 (11th Cir. 2003)(for forfeiture purposes, fact-finder could use evidence of "extensive scheme to defraud furthered by various mailings [acquitted conduct] and uses of the wires [convicted conduct]." *Id.* at 1280. As discussed in *United States v. Cappocia*, 503 F.3d 103, 110 (2nd Cir. 2007), "where the government has alleged discrete violations of a statute that does not criminalize a scheme, the government is not entitled to forfeiture of proceeds from uncharged violations regardless of whether they and the charged violations are part of a common scheme." The court

6

suggested that so long as the crime with which a defendant is charged constitutes a scheme, such as bank fraud, the government can forfeit proceeds of the scheme. The court stated:

> Where the conviction itself is for executing a scheme, engaging in a conspiracy, or conducting a racketeering enterprise, the government need only establish that the forfeited assets have the 'requisite nexus,' Fed.R.Crim.P. 32.2(b)(1), to that scheme, conspiracy, or enterprise.

*Id.* at 117-118. Using the rationale of *United States v. Hasson*, as discussed in *United States v. Capoccia*, 503 F.3d 103, 117 (2nd Cir. 2007), Ruballo is liable for forfeiture of the proceeds of her entire scheme.

As in *Hasson*, Ruballo was charged with, and convicted of, certain offenses, including wire fraud in violation of 18 U.S.C. §§ 1349 and 1343. Wire fraud, by definition, constitutes a "scheme."[1] Accordingly, there is no need to identify the specific amount of the transactions underlying each of Counts 1 through 4. Instead, as in *Hasson*, this Court is allowed to consider the scope of an entire scheme. Extensive evidence of the scheme was presented and the Court should conclude that the proceeds of the Count 1 conspiracy, as well as each substantive count 2 through 4, is at least $26.37 million.[2] *See* Docket Entry 223, pp. 18-22 (United States of America's Objection to the PSR, Response in Opposition to Defendant Ruballo's Objections to the PSR and Sentencing Memorandum.

As noted earlier, the money judgment amounts for the money laundering offenses are calculated by determining the amount involved in or traceable to the violations. The amount

---

[1] The wire fraud statute, 18 U.S.C. § 1343, begins "[w]hoever, having devised or intending to devise *any scheme or artifice*…"

[2] The proceeds for each of Counts 1 through 4 are not cumulative and can only be collected one time. However, for purposes of the record and any appeal that may be taken, a forfeiture money judgment must be imposed separately for each of Counts 1 through 4.

involved in the money laundering conspiracy charged at Count 6, was, at a minimum, $19,523.00 (funds laundered through cleaning companies).

The monies involved in or traceable to the money laundering Counts 7 through 10 are at least the amounts identified as the value of the checks debited and deposited, specifically:

```
Count 7:     $ 1,100
Count 8:     $   800
Count 9:     $ 1,100
Count 10:    $   800
```

The requested money judgments should be entered.

### IV.     **The Requested Forfeitures Do Not Constitute An Excessive Fine**

The imposition of the requested forfeiture money judgments, does not constitute a violation of the Eighth Amendment's prohibition against excessive fines as the value of the money judgment amounts fall below the maximum statutory fines for the given offenses and are presumptively constitutional.

> If the value of forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional ... [I]f the value of the property forfeited is within or near the permissible range of fines under the sentencing guidelines, the forfeiture almost certainly is not excessive.

*United States v. One Parcel of Real Estate etc.*, 214 F.3d 1291, 1295 (11th Cir. 2000), *citing United States v. 817 N.E. 29th Drive, Wilton Manors, Florida*, 175 F.3d 1304, 1309-110 (11th Cir. 1999)(if the value of the property is less than the maximum statutory fine, a "strong presumption" arises that the forfeiture is constitutional; if the value of the property is within or near the permissible range of fines under the Sentencing Guidelines, the forfeiture is almost certainly non-excessive; the personal characteristics of the owner, the character of his/her property, and the value of any remaining assets are irrelevant).

"The guidelines state that where a statute authorizes a maximum fine of greater than $25,000[sic], the maximum fine imposed by the guidelines does not apply and the statutory maximum applies instead." *United States v. One Parcel of Real Estate etc., 214 F.3d 1291, 1295 (11*th Cir. 2000), citations omitted.

The maximum statutory fine for Count 1 is $50,000,000. The maximum statutory fine for Count 2 is $1,691,164. The maximum statutory fine for Count 3 is $1,719,956. The maximum statutory fine for Count 4 is $1,818,197. The maximum statutory fines for each of Counts 6 through 10 is $500,000.00.

Since the maximum fine range exceeds the $250,000 referenced in *United States v. One Parcel of Real Estate etc., 214 F.3d 1291, 1295 (*11th Cir. 2000) the Guideline range does not apply but the statutory range does. The forfeiture money judgment amounts sought for each of the Counts of conviction is well below the statutory fine range and is presumptively, not excessive.

A defendant bears the burden of demonstrating that the forfeiture is grossly disproportional to the gravity of the offense. *See United States v. DeGregory*, 480 F. Supp. 2d 1302, 1304 (S.D. Fla. 2006); *United States v. Wilk*, 2007 WL 2263942 (S.D. Fla. 2007). Ruballo cannot meet her burden of proof to demonstrate that the requested forfeitures are disproportional to the gravity of her offenses. The requested forfeiture order, including the amounts specified, should be entered.

### V. Forfeiture Must Be Pronounced At Sentencing And Incorporated Into The Judgment

Federal Rule of Criminal Procedure 32.2 sets forth how forfeitures are handled as part of sentencing. "The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. The court must also

include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36." Fed.R.Crim.P. 32.2(b)(4)(B).

The proposed order submitted in this matter, comports with the requirements of Fed.R.Crim.P. 32.2 and the procedures set forth at 21 U.S.C. 853, made applicable by 28 U.S.C. § 2461 and by 18 U.S.C. § 982(b).

### Defendant's Position on Requested Relief

Undersigned counsel, in accordance with Local Rule 88.9, sent the instant motion and proposed order to counsel for defendant via electronic mail. The electronic mail was sent after office hours on June 25, 2019. No agreement on this motion was reached.

### CONCLUSION

Accordingly, based upon the foregoing, it is prayed that the Court determine that the forfeiture money judgments in the requested amounts should be entered, that the Court pronounce

forfeiture as part of Ruballo's sentence and incorporate the forfeiture, by reference, into the judgment entered against Ruballo.

                                      Respectfully submitted,

                                      ARIANA FAJARDO ORSHAN
                                      UNITED STATES ATTORNEY

By:    *s/Alison W. Lehr*
          Alison W. Lehr
          Assistant United States Attorney
          Fla. Bar No.   444537
          99 N.E. 4th Street
          Miami, Florida 33132-2111
          Tel:   (305) 961-9176
          Fax: (305) 536-7599
          Alison.Lehr@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2019, the undersigned electronically filed the foregoing United States' Motion for Determination of Money Judgment Amounts, for Entry of a Judgment of Forfeiture, for Pronouncement of Forfeiture at Sentencing, and for Incorporation of Forfeiture into the Judgment, with the Clerk of the Court, using CM/ECF.

By:    *s/Alison W. Lehr*
          Alison W. Lehr
          Assistant United States Attorney